## PALM BEACH COUNTY v TOWN OF JUNO BEACH and EKEY and TAYLOR v TOWN OF JUNO BEACH (Consolidated)

### Case No. AP 90-1825 AZ and Case No. AP 90-1872 AZ

Fifteenth Judicial Circuit, Palm Beach County

June 26, 1991

### APPEARANCES OF COUNSEL

**Robert P. Banks,** Assistant County Attorney, for petitioner, Palm Beach County.

**Terrell K. Arline, Esquire,** for petitioners, Richard Ekey and David Taylor.

**Terence J. Watterson, Esquire,** for intervenors, the Juno Isles Civic Association and Terence J. Watterson.

**Brian B. Joslyn, Esquire,** Boose, Casey, et al., for respondent.

Before RAPP, RODGERS, OFTEDAL, JJ.

### OPINION OF THE COURT

RAPP, J.

The Town of Juno Beach (the "Town") adopted Ordinance No. 378 annexing approximately 420 acres located between the intracoastal waterway and U.S. 1. The subject land was annexed pursuant to a petition for voluntary annexation submitted to the Town by the trustees of the John D. and Catherine T. McArthur Liquidating Trust Agreement.

Chapter 171, the Municipal Annexation or Contraction Act, provides, in pertinent part

1) The owner or owners of real property in an unincorporated area of a county which is *contiguous* to a municipality and *reasonably compact* may petition the governing body of said municipality that said property be annexed to the municipality. (emphasis added)

\* \* \*

(5) Land shall not be annexed through voluntary annexation when such annexation results in the creation of enclaves.

Section 171.044, Fla. Stat. (1989). Contiguous and compactness are defined in § 171.031 as follows:

(11) "Contiguous" means that a substantial part of a boundary of the territory sought to be annexed by a municipality is coterminous with a part of the boundary of the municipality. The separation of the territory sought to be annexed from the annexing municipality by a publicly owned park; a right-of-way for a highway, road, railroad, canal, or utility; or a body of water, watercourse or other minor geographical division of a similar nature, running parallel with and between the territory sought to be annexed and the annexing municipality, shall not prevent annexation under this act, . . .

(12) "Compactness" means concentration of a piece of property in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns. Any annexation proceeding in any county in the state shall be designed in such a manner as to ensure that the area will be *reasonably compact.* (emphasis added)

The subject property is contiguous to the Town; however, enclaves or pocket areas were created by annexation. The Town concedes pockets resulted from annexation, but argues the property is reasonably compact because the enclaves are not located within the property to be annexed. Subsection (5) of § 171.044 proscribes annexation when such

**89**

annexation results in the creation of enclaves. No distinction is made between enclaves created within annexed property and without annexed property. Thus, Ordinance No. 378 is illegal and therefore void.

In considering this opinion the Court takes judicial notice of the additional materials proferred by the Town. However, it seems to us this annexation clearly lacks compactness as that term is commonly understood and used in the applicable statute and case law. Accordingly, the petition for writ of certiorari is GRANTED and Ordinance No. 378 is quashed.

Further, Petitioners Ekey and Taylor's request for the award of attorney's fees and costs is hereby denied. RODGERS, OFTEDAL, JJ., concur.